IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.   2:15-cv-00637-JES-CM

VICTOR POLLINA, on behalf of
himself and all others similarly situated

Plaintiff

vs

AURORA LOAN SERVICES, LLC,
a Foreign limited liability company,
RCS RECOVERY SERVICES, LLC, a
Florida limited liability company, and
HUNT & KAHN, P.A., a Florida
for profit corporation .

Defendants

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** the Defendant, HUNT & KAHN, P.A., a Florida for profit corporation .

by and through its undersigned counsel and hereby files its Answer and Affirmative Defenses in

the above caption cause and states therefore the following:

### PART I:   INTRODUCTION

1)      Admitted for purposes of statement of claims identification only, otherwise

denied.

2)      Defendant is without sufficient knowledge to either admit or deny these

allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

thereof.
.

3)      Admitted. .

4)      Defendant is without sufficient knowledge to either admit or deny these

allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

thereof.

5)      Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

6)      Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

7)      Admitted to the extent that RCS hires HUNT & KAHN to represent them and collect on the debt. .Denied as to the characterization of the word "routinely".

8)      Denied.

9)      Denied.

10)     Denied.

11)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

### PART II.  THE PARTIES

12)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

13)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

14)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

15)     Denied.

16)     Denied.

17)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

18)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

19)     Admitted.

20)     Admitted as to Hunt & Kahn.  without sufficient knowledge as to RCS and AURORA.

21)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

22)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

## PART III.  <u>JURISDICTION AND VENUE</u>

23)     Admitted for jurisdictional purposes only.

24)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof. and Defendant demands strict proof thereof.

25)     Defendant is without sufficient knowledge to either admit or deny these

allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

26)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

## PART IV: <u>FACTUAL ALLEGATIONS</u>.

27)     Defendant repeats and restates its answers to paragraphs 1 thru 26 set forth herein above and incorporates the same by reference.

28)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

29)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

30)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

31)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

32)     The document s peaks for itself and the allegations are otherwise denied and Defendant demands strict proof thereof.

33)     The document speaks for itself and the allegations are otherwise denied and

Defendant demands strict proof thereof.

34)     The document speaks for itself and the allegations are otherwise denied and Defendant demands strict proof thereof.

35)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

36)     The document speaks  for itself and the allegations are otherwise denied and Defendant demands strict proof thereof.

37)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

38)     Denied.

39)     Denied.

40)     Denied. .

41)     The law speaks for itself and the allegations are otherwise denied and Defendant demands strict proof thereof.

42)     Denied.

## PART V:  <u>CLASS ACTION ALLEGATIONS</u>

43)     Defendant repeats and restates its answers to paragraphs 1 thru 42 set forth herein above and incorporates the same by reference.  .

44)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

.

45)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

46)     Denied. .

47)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof thereof.

48)     Denied.

49)     Denied.

50)     Denied.

51)     Denied. .

52)     Denied. .

53)     Denied.

54)     Denied.

55)     Denied.

56)     Denied.

57)     Denied.

58)     Denied.

        58) a) – b)  .  Denied.

59)     Denied.

        59. a) - e)  Denied

60)     Denied.

61)     Denied. .



62)     Denied.

     62.  a) – f)  Denied

63)     Denied.

64)     Denied.

65)     Denied.

## COUNT I.  CLAIM FOR VIOLATIONS OF FDCPA
### (As to Defendant HUNT & KAHN, PA)

66)     Defendant repeats and restates its answers to paragraphs 1 thru 65 set forth herein above and incorporates the same by reference.

67)     Denied.

68)     Denied.

69)     Denied. .

70)     Denied.

71)     Denied. .

72)     The statute speaks for itself.

## COUNT II.  CLAIM FOR VIOLATIONS OF FDCPA
### (As to RCS Recovery Servicing)

73)     Defendant repeats and restates its answers to paragraphs 1 thru 72 set forth herein above and incorporates the same by reference.

74)     Denied.

75)     Denied.

76)     Denied.

77)     Denied.

78)     Denied.

79)    The statute speaks for itself.

## COUNT III.  CLAIM FOR VIOLATIONS OF THE FCCPA
### (As to HUNT & KAHN, PA.)

80)    Defendant repeats and restates its answers to paragraphs 1 thru 72 set forth herein above and incorporates the same by reference.

81.)    Denied.

82)    Denied.

82)  a) - b)  Denied

83)    Denied.

84)    Denied.

\

85)    Denied.

## COUNT IV:  CLAIMS FOR VIOLATIONS OF FCCPA
### (As to Defendant RCS Recovery Servicing)

86)    Defendant repeats and restates its answers to paragraphs 1 thru 72 set forth herein above and incorporates the same by reference

87)    Denied.

88)    Denied.

88)  a) – b)  Denied.

89)    Denied.

90)    Denied.

91)    Denied.

## COUNT V:  BREACH OF CONTRACT
### (As to Defendant Aurora Loan Servicing, LLC.)

92)    Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

93)     The document speaks for itself.

94)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

95)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

96)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

97)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

98)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

99)     Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

100)    Defendant is without sufficient knowledge to either admit or deny these allegations.  Therefore, the allegations are otherwise denied and Defendant demands strict proof

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Plaintiff's Complaint fails to state a cause of action against the Defendant upon which relief may be granted.

### Second Affirmative Defense

Defendant affirmatively alleges that the letter allegedly sent to the Plaintiff by the Defendant were governed by and in compliance with the requirements of the FDCPA and the FCCPA.

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the *"bona fide error"* defense pursuant to the FDCPA at 15 USC 1692k since such actions , if they occurred, were not intentional and resulted from a *bona fide error* notwithstanding the Defendant's maintenance of procedures reasonably calculated to avoid such an error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff failed to mitigate his damages, if any, in this cause.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that at all relevant times, Defendant acted in good faith reliance on the representations of the RCS.  .

**Sixth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any alleged actions or inactions of the Defendant, if any, exceed one (1) year from the date of filing the initial Complaint in this cause, such claims or allegations are barred by the one (1) year statute of limitations imposed by the FDCPA.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff's Complaint fails to raise a justiciable issue of law or fact which would entitle the Plaintiff to an award of attorney's fees or costs pursuant to 15 USC 1692.

**Eighth Tenth Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment thus entitling the Defendant to an award of reasonable attorney's fees in relation to the work expended and costs pursuant to any of 15 USC 1692.

## RESERVATION OF RIGHTS

Defendant specifically reserves the right to revise its answer and/or assert additional affirmative defenses as may be learned or become apparent during the course of this case.

## CLAIM FOR ATTORNEY'S FEES AND COSTS

Defendant asserts a claim for attorney's fees and costs pursuant to 15 USC 1692 et. seq and other applicable federal rules and statutes.

/s/ *Dorothy V. Maier*

By: _____

DOROTHY V. MAIER
Florida Bar # 338176
DOROTHY V. MAIER, PA
Attorney for Defendant  HUNT & KAHN, PA
745 Tarrytown Trail
Port Orange, FL 32127
Phone: 386-761-0951
Fax:  386-682-3823
dorothymaier2013@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing was electronically filed with the U. S. District Court, Middle District of Florida, Ft. Myers Division, this 8th day of December 2015 and electronically served on the following: Ms. Maria Alaimo, Viles & Beckman, LLC, 6350 Presidential Court, Suite A, Fort Myers, FL 33919; maria@vilesandbeckman.com;  Ms. Sara F. Holladay-Tobias, McGuire Woods, LLP Suite 3300 50 N Laura St, Jacksonville, FL 32202; sfhollad@mcguirewoods.com; and Emily Yandle Rottmann**,** McGuire Woods, LLP, Suite 3300, 50 N Laura St Jacksonville, FL 32202; erottmann@mcguirewoods.com

/s/ *Dorothy V. Maier*

By: _____

DOROTHY V. MAIER